**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSS MICKEALSON,

  Plaintiff-Appellant,

  v.

CUMMINS, INC.,

  Defendant-Appellee.

No.  18-35827

D.C. No. 1:16-cv-00075-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 24, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Appellant Ross Mickealson appeals the district court's grant of summary judgment in favor of Cummins, Inc., his former employer, on his wrongful termination, disability discrimination, and failure to accommodate claims under the Americans with Disabilities Act ("ADA"), Montana's Human Rights Act ("MHRA"), and Montana's Wrongful Discharge from Employment Act ("WDEA").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo and viewing the facts in the light most favorable to Mickealson as the nonmoving party, we **AFFIRM.**

1. Montana's WDEA provides that a discharge is "wrongful" if it "was not for good cause and the employee had completed the employer's probationary period of employment." Mont. Code Ann. § 39-2-904. An employer has "good cause" if it has a "legitimate business reason" for discharging the employee. *Id.* § 39-2-903(5). A "legitimate business reason" is one that is not "false, whimsical, arbitrary or capricious" and has "some logical relationship to the needs of the business." *Buck v. Billings Mont. Chevrolet, Inc.*, 811 P.2d 537, 540 (Mont. 1991). An employer's reason for discharge is not "good cause" if it "is a pretext and not the honest reason for the discharge." *Arnold v. Yellowstone Mtn. Club, LLC*, 100 P.3d 137, 141 (Mont. 2004) (quoting *Mysse v. Martens*, 926 P.2d 765, 770 (Mont. 1996)).

Mickealson's failure to communicate with his supervisor as instructed qualifies as insubordination that provided Cummins with a "legitimate business reason" to terminate his employment. There is no triable issue of fact as to whether Mickealson was insubordinate or whether Cummins's decision to label Mickealson's behavior as insubordinate was arbitrary and capricious or unrelated to the needs of Cummins's business. Mickealson presented no evidence that Cummins applied its employment policy unequally, arbitrarily or capriciously. *See Johnson v.*

2

*Costco Wholesale*, 152 P.3d 727, 734 (Mont. 2007). Nor has Mickealson presented evidence that creates an issue of fact as to whether Cummins's stated reason for terminating Mickealson was a pretext for discriminating against Mickealson because he had a disability, requested accommodations, had an upcoming surgery, or filed a complaint against his supervisor.[1]

Because Cummins had good cause for terminating Mickealson's employment, the district court properly granted Cummins's motion for summary judgment on Mickealson's Montana WDEA wrongful termination claim. *See, e.g., Mysse*, 926 P.2d at 771 (finding employer had good cause to terminate employee because she refused to perform her job duties).

2. The ADA[2] prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Thus, to establish a prima facie case for disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled, (2) he is qualified to perform the essential functions of his position, and (3) he suffered an adverse employment action because

---

[1] While Mickealson has disputed the truth of many factual assertions made by his supervisors and the internal complaint investigator, such disputes do not render summary judgment inappropriate where there are facts *not* in dispute that provide "good cause" for terminating Mickealson's employment. *See Becker v. Rosebud Operating Servs.*, 191 P.3d 435 (Mont. 2008).

[2] Because "the MHRA is closely modeled after federal anti-discrimination statutes such as the ADA," *Pannoni v. Bd. of Trs.*, 90 P.3d 438, 444 (Mont. 2004), we analyze Mickealson's ADA and MHRA claims together.

of his disability. *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *see also McDonald v. Dep't of Envtl. Quality*, 214 P.3d 749, 758 (Mont. 2009). To withstand a motion for summary judgment on an ADA claim, a plaintiff must either provide sufficient direct evidence of an employer's discriminatory intent, or give rise to an inference of discrimination by satisfying the burden-shifting test from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997).

Here, Cummins articulated a legitimate, nondiscriminatory reason for Mickealson's termination by presenting evidence that Mickealson was terminated because he was insubordinate, not because of his disability. Because Mickealson failed to present direct evidence or evidence that gives rise to an inference that his disability was a cause for his termination to rebut this legitimate justification, the district court properly granted summary judgment in favor of Cummins on Mickealson's disability discrimination claims.

3.     The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). Because Mickealson cannot show that he suffered an adverse employment action because of his disability, his reasonable accommodation claim also fails.

**AFFIRMED.**